**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE TERRIQUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL L. BENOV,<br>Administrator,<br><br>    Respondent. | Case No. 1:13-cv-00549-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1) AND DIRECT THE CLERK TO CLOSE THE CASE<br><br><u>OBJECTIONS DEADLINE:</u><br><u>THIRTY (30) DAYS</u> |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on April 17, 2013. Respondent filed a response to the petition on July 29, 2013. Although the time for filing a traverse has passed, no traverse has been filed

    I.  <u>Background</u>

Petitioner, an inmate of the Taft Correctional Institution

1

(TCI), challenges the disallowance of twenty-seven days of good time credit Petitioner suffered as a result of prison disciplinary findings, made on or about May 13, 2010, that he engaged in stealing and accepting items of value from another person without staff authorization on or about April 21, 2010.  (Pet., doc. 1 at 10, 14-16.)

Petitioner challenges the loss of credit and seeks invalidation of the sanction. (Id. at 7.)  Petitioner raises the following claims:  1) because the disciplinary hearing officer was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the hearing officer was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated.  (Id. at 3-7.)

Respondent seeks dismissal of the petition for mootness.

II.   Mootness

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies.  Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983).  Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision.  Id.  A petition for writ of habeas corpus

2

becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional, <u>See</u>, <u>Cole v. Oroville Union High School District</u>, 228 F.3d 1092, 1098-99 (9th Cir. 2000); a moot petition must be dismissed because nothing remains before the Court to be remedied. <u>Spencer v. Kemna</u>, 523 U.S. 1, 18.

Here, documentation submitted by Respondent in support of the answer demonstrates that a review of the sanction by the BOP's Privatization Management Branch (PMB) revealed that due to an administrative oversight, Petitioner was sanctioned twice for the same conduct. The report was expunged. (Ans., doc. 13-1 at 32 [att. seven]; <u>id.</u> at 5 [Vickers decl. ¶ 6].) Petitioner does not dispute that the report was expunged pursuant to the express direction of the PMB made to TCI staff.

When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. <u>Calderon v. Moore</u>, 518 U.S. 149, 150 (1996).

Here, the only relief that Petitioner sought was invalidation of the report and associated sanction. It appears that the expungement of the report resulted in Petitioner's receipt of the relief sought in this proceeding. Thus, it is no longer possible for this Court to issue a decision redressing the injury.

In sum, Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness. The Court thus concludes that the matter is moot because the Court may no longer grant any effective relief. See, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (a habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and there was no live, justiciable question on which the parties disagreed).

Accordingly, it will be recommended that the petition be dismissed as moot.

III. Recommendations

Based on the foregoing, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED as moot; and

2) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review

4

the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **October 28, 2013**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE